## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
## COURT FILE NO.: _____

| | |
|---|---|
| Rebecca Phelps,<br><br>                    Plaintiff,<br>v.<br><br>Quicken Loans, Inc., CoreLogic Credco LLC, and Title365 Company,<br><br>                    Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.    Plaintiff, Rebecca Phelps (hereinafter "Plaintiff"), by and through her attorneys, brings the following Complaint against Defendant Quicken Loans, Inc. ("hereinafter "Defendant Quicken"), Defendant CoreLogic Credco LLC (hereinafter "Defendant Credco"), and Defendant Title365 Company (hereinafter "Defendant Title365") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION

2.    Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681 *et seq.*, and 15 U.S.C. § 1692 *et seq.*

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendants conduct business in this District.

## PARTIES

4.  Plaintiff is a natural person who resides in West Fargo, North Dakota. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.  Defendant Quicken is a foreign corporation incorporated under the laws of the state of Michigan with its headquarters located at 1050 Woodward Avenue, Detroit, Michigan 48226; is authorized to do business in the state of North Dakota; and has a registered office located at CT Corporation System, 120 W Sweet Ave., Bismarck, ND 58504-5566. Defendant Quicken is a "furnisher" (also known as a "data furnisher") of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

6.  Defendant Credco is a foreign corporation incorporated under the laws of the state of Michigan with its headquarters located at 10277 Scripps Ranch Road, San Diego, CA 92131; is authorized to do business in the state of North Dakota; and has a registered office located at Corporation Service company d/b/a CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA  95833-3505. Defendant Credco is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f), regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined by 15 U.S.C. § 1681a(d), to third parties.

7.  Defendant Title365 is a foreign corporation incorporated under the laws of the state of California with its headquarters located at 5000 Birch Street, Suite 300, Newport Beach, CA; is authorized to do business in the state of North Dakota; and has a registered office located at Corporation Service Company, 1709 N 19th Street, Suite 3,

Bismarck, ND 58501-2121. Defendant Title365 is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f), regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined by 15 U.S.C. § 1681a(d), to third parties

## THE FAIR CREDIT REPORTING ACT

8.   The FCRA imposes duties on consumer reporting agencies such as Defendants to ensure that consumer reports are accurate and that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

9.   Pursuant to 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

## FACTUAL ALLEGATIONS

10.   Since 2016 Plaintiff has had her identity mixed with another individual named Rebecca Phelps.

11.   In May 2019 Plaintiff and her husband, Donald Phelps, went to their mortgage servicer, Caliber Home Loans (hereinafter "Caliber"), and requested a refinance on their mortgage.

12.   Plaintiff was set to close on her refinance with Caliber on June 19, 2019.

13.     On or about June 18, 2019, Plaintiff received a telephone call from a Caliber agent, Erica Ochoa at 214-874-4178, who stated that there were problems with the refinance due to a judgment on Plaintiff's credit.

14.     Caliber's agent sent Plaintiff a copy of the "Title Snapshot Grade" report that Caliber had received from Defendant Title365 dated May 20, 2019, for Plaintiff's property.

15.     Defendant Title365's grade report contained false information about Plaintiff, specifically a judgment against her from United Accounts in the amount of $1522.02.

16.     Defendant Title365 then published this false report to Westcor Land Title Insurance Company, who then sent the report to Caliber, causing Plaintiff to be unable to close on her refinance.

17.     Defendant Title365 violated 15 U.S.C. § 1681e(b) when it compiled a consumer report a/k/a/ Title Snapshot Grade Report, without following reasonable procedures to assure its maximum possible accuracy as it contained false information about Plaintiff.

18.     Since Plaintiff was unable to close on her refinance with Caliber due to the false information published by Defendant Title365, Plaintiff contacted her bank, First International Bank & Trust (hereinafter "Bank"), who pulled a tri-merge credit report on June 19, 2019.

19.     When reviewing her Advantage Credit Bureau credit report from her Bank, Plaintiff noticed two inquiries that did not belong to Plaintiff.

20.     The Advantage Credit Bureau report shows that Defendant Credco pulled Plaintiff's credit report on May 9, 2019.

21.    The Advantage Credit Bureau report shows that Defendant Quicken pulled Plaintiff's credit report on May 3, 2019.

22.    At no point did Plaintiff authorize either Defendant Credco or Defendant Quicken to use or obtain Plaintiff's consumer reports for any such purpose.

23.    Defendants Credco and Quicken obtained and viewed Plaintiff's credit report in violation of 15 U.S.C. § 1681b.

24.    As a direct and proximate result of Defendants Credco and Quicken's conduct, Plaintiff has suffered an invasion of her privacy, both the use and publication of their consumer reports and an intrusion upon seclusion.

25.    As a direct and proximate result of Defendants Credco and Quicken's conduct Plaintiff has suffered anxiety over the fact that her credit scores would be adversely affected by the credit inquiries and the false judgment information.

26.    As a direct and proximate result of Defendants Credco and Quicken's conduct, Plaintiff has suffered stress and anxiety knowing that her consumer reports had been obtained and viewed by an individuals and entities that she did not authorize.

27.    As a result of Defendant Title365's violations of the FCRA, Plaintiff was outright denied a refinance on her mortgage, and sustained emotional distress including, but not limited to, stress and frustration.

## TRIAL BY JURY

28.    Plaintiff is entitled to, and hereby demands, a trial by jury.  U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq*. – DEFENDANT TITLE365

29.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.   Defendant Title365 prepared Plaintiff's consumer report without following reasonable procedures to assure its maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b).

31.   Defendant Title365's conduct, actions, and inactions were willful, rendering it liable for damages, pursuant to 15 U.S.C. § 1681n.

32.   Alternatively, Defendant Title365's conduct, actions, and inactions were negligent, rendering it liable for damages, pursuant to 15 U.S.C. § 1681o.

33.   Accordingly, Plaintiff is entitled to recover from Defendant Title365 her actual damages, statutory damages, costs, and attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT II.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq*. – DEFENDANTS CREDCO AND QUICKEN

34.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.   At no point did Plaintiff state or imply to any of Defendants' Credco nor Quicken's agents that she was interested in having them pull her credit report.

6

36.     At no point did Plaintiffs state or imply to any of Defendants' Credco and Quicken's agents that Plaintiff was authorizing Defendants Credco and Quicken to use or cause to be used her consumer report for any purpose.

37.     Accordingly, Defendants Credco and Quicken lacked a permissible purpose to use or cause to be used Plaintiff's consumer reports.

38.     Thus, Defendants Credco and Quicken's conduct violated 15 U.S.C. § 1681b.

39.     Defendants Credco and Quicken's conduct, actions, and inactions were willful, rendering it liable for Plaintiff's actual damages, statutory damages, punitive damages, costs, and attorney's fees, pursuant to 15 U.S.C. § 1681n.

40.      Alternatively, Defendants Credco and Quicken's conduct, actions, and inactions were negligent, rendering it liable for Plaintiff's actual damages, costs, and attorney's fees, pursuant to 15 U.S.C. § 1681o.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages caused by Defendants' violations of the FCRA, pursuant to 15 U.S.C. § 1681n and 1681o;
- an award of punitive damages against Defendants for its willful noncompliance with the FCRA, pursuant to 15 U.S.C. 1681n;
- an award of costs and attorneys' fees incurred to rectify Defendants' violations of the FCRA, pursuant to 15 U.S.C. §§ 1681n and 1681o; and
- such other and further relief as the Court may deem just and proper.


Dated this 23rd day of July 2019.          Respectfully submitted,


                                           By: <u>Thomas J. Lyons Jr.</u>

Thomas J. Lyons, Jr., Esq.
MN Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
tommy@consumerjusticecenter.com

*ATTORNEY FOR PLAINTIFF*

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF</u>

STATE OF NORTH DAKOTA    )
                                  ) ss
COUNTY OF _____   )

      I, Rebecca Phelps, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


                                     s/Rebecca Phelps_____
                                     Rebecca Phelps


Subscribed and sworn to before me
this <u>23</u> day of July 2019.


s/Mark Elden Wolter_____
Notary Public